# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. **02-60229**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FIFTEEN (15) DEFENDANT PROPERTIES
DESCRIBED AS:
(1) Seventy One Thousand, Six Hundred
Twenty Seven Dollars ($71,627.00) in United
States Currency;
(2) 2001 Grand Jeep Cherokee (Gold)
VIN # 1J4GW58N41C581006;
(3) Eight Rolex Watches and One Woman's
Necklace;
(4) One 1974 48' Pacemaker Sportsfisherman by
the Name of ON LINE TOO, HIN # 589479;
(5) One 2001 Volkswagen Cabrio (Green),
Vin# 3VWDC21V01M804793;
(6) Fifty Thousand Dollar ($50,000.00) Cashiers Check
Payable to Sara Wuchevich and Pepper Hamilton LLP
Client Trust Account;
(7) One 55' Trimaran Sailboat by the Name of LE GO II,
VI 5430T, HIN # V1Z010930692, held at St. Maarten, Dutch portion;
(8) One 50' Catamaran Passenger Diving Boat by the
Name of SARA SUNDANCE, held at St. Maarten, Dutch portion;
(9) One 50'-55' Catamaran Sailboat by the Name of
TRUE LOVE, REG # VI225915D, USA DOC # 225915,
held at St. Thomas, U.S. Virgin Islands;
(10) A check for One Hundred Thousand Dollars
used as a down payment by LE GO Corporation
Towards the Purchase of 1601 SE 9th Street, Fort
Lauderdale, Florida;
(11) One 2001 Chevy S-10 Pick-Up Truck,
Vin #1GCCS19W318117143;
(12) $1,811.16 in Funds in Bank Account # 80-1801-1492,
Account Name India Corporation, Inc., at PNC Bank,
76 Nassau Street, Princeton, New Jersey;
(13) $3,033.00 Funds in Investment Account # X22-165115,
At Fidelity Investment Brokerage Services, LLC, at



CIV - ROETTGER

MAGISTRATE JUDGE
SELTZER

4090 N. Ocean Blvd., Fort Lauderdale, Florida, in the
Name of Sara Wuchevich;
(14) $86,000.00 in U.S. Currency Obtained from the Law
Offices of James Benjamin; and
(15) $300,300.00 in U.S. Currency Obtained from the Law
Offices of David Bogenschutz; and

       Defendants.

_____/

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States files this Verified Complaint for Forfeiture In Rem and in support alleges that:

1.      This is a civil action for forfeiture In Rem against the Fifteen (15) defendant properties described in the caption above.

2.      This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. §§1345 and 1355.

3.      This Court has venue over the defendant properties pursuant to Title 28 U.S.C. §1395(a) and (b).

4.      The defendant properties are forfeitable pursuant to Title 21 U.S.C. §§881(a)(4) and/or (6), as conveyances (defendant properties no. four, seven, eight and nine), including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, AND/OR as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for controlled substance or listed chemical in violation 21 U.S.C. §801 et seq., and all proceeds traceable to such an exchange, and all moneys,

2

negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §801 et seq.

## BACKGROUND AND PROBABLE CAUSE

5.      Robert Samuel Young ("Young") has been involved in smuggling large quantities of cocaine into the United States from 1986 to the present.  Since 1999, Young, with some assistance from his wife Sara Wuchevich (married to Young in 2000), has been routinely smuggling cocaine into the United States, from the Bahamas and/or St. Martin, aboard a vessel named LE GO II, a 55 foot Piver Trimaran (defendant property no. nine).  Young would secrete the cocaine in elaborate secret compartments within the vessel.

6.      In 2000, Young smuggled from St. Martin to Fort Lauderdale, approximately three (3) loads of cocaine (730 kilograms per load),  one load every three to four months.  Young would send his vessel, the LE GO II, out of the country for months at a time.  Young would then leave the United States for a couple of weeks, and within a week or two of his return, the LE GO II would return to the United States loaded with cocaine.  Young would unload and temporarily store the cocaine at his leased  residence at 1601 SE 9th Street, Ft. Lauderdale, Florida, from where it was distributed.

7.      Law enforcement records indicate that Young, is a convicted felon with convictions for Murder in Dade County, Kidnaping and Aggravated Assault in Broward County and Possession of Cocaine in Palm Beach County.  Young has also been charged with Armed Robbery, Kidnapping, Aggravated Assault, and Possession of Firearms and Controlled Substances in numerous other states. Young was released from prison in New Mexico in June of 1999 after serving time for a federal felony charge of Possession and Conspiracy to Import Cocaine.

3

8.      From October 8, 2001 through October 26, 2001, surveillance was conducted at two residences associated with Young and Wuchevich.  As a result of the surveillance, law enforcement learned that Young and Wuchevich were residing at 2389 NE 30th Court, Lighthouse Point, Florida but still maintained a presence at 1601 SE 9th Street, Ft. Lauderdale, Florida.  Both houses are located on canals that lead out to the Intracoastal Waterway with access to various inlets and eventually the Atlantic Ocean.

9.      Through surveillance, it appeared from Young and Wuchevich's daily routines that neither of them were gainfully employed.  Young and Wuchevich have not had any legitimate means of income since at least 1999.

10.     On October 29, 2001, law enforcement executed a federal arrest warrant for Young and Wuchevich related to firearms charges,  at his residence located at 2389 NE 30th Court, Lighthouse Point, Florida.

11.     Subsequent to their arrest, Young and Wuchevich were mirandized,  and agreed to talk to agents.  Young and Wuchevich also signed a consent to search form and a search of the house was conducted.   Approximately $71,627.00 in cash (deft. property no. 1), eight Rolex watches (deft. property no. 3), approximately 10 grams of cocaine, and 5 grams of marijuana were found at the residence.

12.     A review of the  records seized at the residence show that large cash expenditures were regularly conducted by Wuchevich and/or Young.  Also discovered at the residence was a Florida Identification Card bearing the name of Johnny Leon Eversole. Additionally, a Social Security Card and a copy of a Birth Certificate were found in the name of Johnny Leon Eversole.   Eversole is the  alias' or bogus identity which Young used for several

4

transactions including designating himself as the president of Sundance Charters, the owners of defendant property no. seven. The photograph affixed to the Florida Identification Card is that of Young. Also found was a GEICO Insurance Company Card bearing the name of Johnny Leon Eversole The insured vehicle is deft. property no. 2, a new Gold 2001 Grand Jeep Cherokee which was purchased on January 15, 2001, with narcotics proceeds.

13.    Agents discovered other bogus identifications used by Young in the name of Ronald E. Young. This included a Florida Driver's License, Broward County Voter's Registration and a Social Security Card. Additionally, some of the records indicate that Young and Wuchevich formed multiple corporations to conceal the true ownership of numerous assets, including four (4) vessels.

14.    A copy of a letter seized, dated February 1, 2001, addressed to U.S. Probation, New Mexico from Young states he is working in the telemarketing industry and is being paid $800.00 monthly. The reported income is insufficient for the purchase of the many assets Young acquired since his 1999 release from prison.

15.    During a post arrest interview with Young, he talked about some of his narcotics smuggling trips. By July of 1999, a month after his release from prison, Young went to Bogota, Colombia, to set up a narcotics deal with an individual named Rodrigo Chegwin. According to Young, he obtained a U.S. passport in the name of his brother, Ronald Young, and he traveled with it for the past two years. It took Young approximately nine (9) months after his release from prison to smuggle his first shipment of cocaine into the United States (approximately April of 2000).

16.    Young stated that he was famous for smuggling loads of cocaine into the United States during hurricane season because law enforcement "lays off" during those times. Young added that he did two loads in 2000, during Christmas and New Years.

17.     Young stated that he had "contracted" with Rodrigo Chegwin (alias "Wimpy") to smuggle six (6) loads of cocaine, approximately 730 kilograms per load, and that he had successfully smuggled, and been paid for three (3) loads since April of 2000. Young stated he was paid between 22 percent and 35 percent for each shipment of cocaine he successfully brought into the U.S., with the percentage increasing after each shipment. Young's percentage would have been based on a price of $16,000.00 per kilogram of cocaine.

18.     Young stated he did not have any legitimate means of income and had been smuggling cocaine since his release from prison in June of 1999. Additionally, he stated that all of the defendant assets were acquired after his release from prison and with narcotics proceeds.

19.     Young stated that he used narcotics proceeds to purchase the vessels LE GO II, ON LINE TOO, and two (2) other charter boats. Young titled the vessels under the corporate name of Sundance Charters, Inc., in order to conceal the true ownership of the vessels.

20.     During Wuchevich's interview, she stated the vessel "LE GO II" was purchased for approximately $180,000.00 in cash, and the vessel "ON LINE TOO" was purchased for approximately $165,000.00 in cash.

21.     Wuchevich also stated that on at least six (6) occasions she assisted Young in counting narcotics proceeds generated from cocaine smuggling ventures. Wuchevich stated that she was a secretary for a company called The Cracchiolo Group from 1997 to 1999 with an annual salary of approximately $18,000.00 to $20,000.00. Wuchevich stated that she has not been gainfully employed since 1999. It should also be noted that Wuchevich had many delinquent bills prior to meeting Young.

6

<u>2001 Gold Grand Jeep Cherokee Vin # 1J4GW58N41C581006</u>
(deft. property no. 2)

22.     Florida Department of Motor Vehicles records reveal the vehicle is registered to Sara Wuchevich. The investigation has revealed the vehicle was purchased in cash by a Johnny Eversole (Young's alias) doing business as Sundance Charters, Inc from Quality Chrysler, in Albuquerque, New Mexico on January 15, 2001.

<u>Eight Rolex Watches and One Woman's Necklace</u>
(deft. property no. 3)

23.     The eight Rolex watches and necklaces were discovered in a safe at Young's residence during his arrest. The items were also purchased by Wuchevich and Young with narcotics proceeds after Young's release from prison in June of 1999.

<u>1974 Forty Eight Foot Pacemaker Sportsfisherman Hull # 589479 On Line Too</u>
(deft. property no. 4)

24.     Wuchevich and Young stated they purchased the "Online Too" and they paid $165,000.00 in cash for the On Line Too.  Records reflect a Bill of Sale dated April 3, 2001 for the On Line Too showing the sale of the vessel from John Kozik to On Line Too Charters, Inc.

25.     Kozik was interviewed by U.S. Customs Agents and advised he was contacted by an individual "Sundance" (alias for Robert Young) and subsequently sold the vessel to Young. The vessel was sold for cash, provided by Young.  However, Kozik stated he sold the vessel for only $50,000.00, although the vessel was worth considerably more. Kozik also advised he was instructed by "Sundance" to show the vessel as being purchased by his wife Sara Wuchevich and Dana Campo.

<u>2001 Volkswagen Cabrio VIN# 3VWD21V01M804793</u>
(deft. property no. 5)

26.     The vehicle was purchased on September 8, 2000, by Sara Wuchevich at the Gunther

Volkswagen dealer in Fort Lauderdale, Florida.  The vehicle was paid for in full with cash derived

from narcotics proceeds.  The amount was $23, 993.00.

<u>Cashier Check # 35051 dated 9/28/2001</u>
(deft. property no. 6)

27.     Cashier's  Check # 35051, dated 9/28/2001 in the amount of  $50,000.00 drawn on

the account of Sunbelt Title Agency maintained at Bank of America of North Carolina represents

a partial refund to Sara Wuchevich and Pepper Hamiltion LLP Client Trust Account..  This refund

was based on a down payment of $100,000.00,  provided by Wuchevich towards the purchase of a

residence located at 1527 SE 11th Street, Ft. Lauderdale, Florida.  The $100,000.00 down payment

consisted of  a $5,000.00 personal check drawn on Wuchevich's account maintained at PNC Bank

in Princeton, New Jersey, a wire transfer in the amount of $80,000.00 from the Bank of Nova Scotia;

and  a  wire  transfer  in  the  amount  of  $15,000.00  from  PNC  Bank.    The  purchase  price  of  the

residence was  $1,400,000.00 The sale was not concluded due to Young and Wuchevich's inability

to deposit   $1,400,000.00 in currency in a financial institution.

<u>1986 Fifty Five Foot Piver Trimaran LE GO II</u>
(deft. property no. 7)

28.     As previously mentioned, during the post arrest interviews of Young, he stated the

vessel LE GO II was purchased by him through a corporation, Sundance Charters, Inc.  The monies

used to purchase the LE GO II were derived from narcotic proceeds.  Additionally,  the vessel was

used to transport narcotics into Fort Lauderdale.  Records seized from Young and Wuchevich's

8

residence  include a bill of sale for the vessel LE GO II from Johnny Eversole,  as president of

Sundance Charters Inc, to Sara Wuchevich.  The vessel was purchased by Young for approximately

$175,000.00. The LE GO II is currently docked in Saint Maarten Island (Dutch controlled portion)

and is being detained by the Dutch authorities.

Fifty foot Catamaran Vessel Sara Sundance<br>(deft. property no. 8)

29.     This Catamaran Vessel was purchased by Young with narcotics proceeds in

September of 2001.  Young paid $525,000.00 in cash for the vessel.  The vessel is believed to be

located at the Simpson Bay Yacht Club, in Saint Maarten.

Wood Hull Schooner "True Love" Hull # 225915<br>(deft. property no. 9)

30.     During another debriefing of Young,  he advised that sometime in October of 2001,

he provided approximately $185,000.00  to a husband and wife team known to him as Kurt.  Young

could not remember the name of Kurt's wife or their last name.  The couple has been subsequently

identified as Kurt and Nisha Chhugani.

31.     Young explained he wanted to purchase the True Love,  a 60 foot Wooden Hull

Schooner for charter business.  Young had an agreement whereby he would provide the cash to Kurt

and his wife and allow the vessel's title  to be put in their names, as nominee owners.

32.     Young stated he provided the cash to Fred Joshlin who then provided the cash to

Kurt and Neisha.   Young would then split the revenues with Kurt and his wife.

33.     On January 30, 2002,  Customs Agents assigned to the West Palm Beach Office and

the St. Thomas Virgin Island Office, interviewed Nisha Chhugani and Kurt Chhugani at the premises

of Saphire Marina in St. Thomas, Virgin Islands. During this interview, Nisha Chhugani  stated she

9

was provided approximately $ 178,000 by an individual known as "Sundance," to be used to purchase the True Love.  She never met Sundance; however,  her husband knew him.  Kurt identified a photograph of Robert Young as Sundance.  She further stated she and her husband were to provide charter services in the St. Thomas Virgin Islands area and split the revenues with "Sundance."

<u>$100,000 check from Regent's Bank and $300,300 in U.S.Currency</u>
(deft. properties no. 10 & 15)

34.     In September of 2001, Wuchevich and Young moved into a residence at 2389 NE 30th Court, Lighthouse Point, Florida.  Prior to that, they rented a residence at 1601 SE 9th Street, Ft. Lauderdale, Florida, from August 2000 to September of 2001, at a cost of $3,500.00 per month. Wuchevich said they paid the yearly rent in advance, approximately $45,500.00, utilizing $500.00 money orders (a total of 91 money orders), to the owners.

35.     The purchase of the  91 money orders  by Young and/or Wuchevich was done to conceal the source of the funds and to circumvent the Currency Transaction Reports (CTR) required by banking institutions and thus prevent any detection of unlawful activity.

36.     After the lease expired in September of 2001 at the 1601 SE 9th Street property in Ft. Lauderdale, Florida, Wuchevich and Young entered into a written contract to purchase the residence for $400,000.00. from Doctor Lee A. Weiss.  The true purchase price of the house, however,  was really  $750,000.00.

37.     According to corporate records seized, Wuchevich is listed as the sole officer of LE GO Corporation.  Records also show that Wuchevich gave $100,000.00 deposit towards the purchase of the property.  The monies were paid via a check drawn from First Fidelity Investment Brokerage

account # X22-165115, in the name of Sara Wuchevich.

38.     In addition to the $100,000.00 check provided to Dr. Weiss, Wuchevich paid Dr. Weiss approximately $400,000.00 in cash. The monies were provided in increments of $50,000.00 to $100,000.00.   LE GO Corporation was listed as the buyer of the property in the purchase contract.

39.     The First Fidelity account was opened by Wuchevich in the latter part of 1998, while she was employed as a secretary at the Cracchiolo Group, in Delray Beach, Florida.   The $100,000.00 deposit was held in an escrow account at Regents Bank in Davie, Florida, and maintained by Ron Shnider, an attorney in Plantation, Florida, who represents the owners of the property.  The proceeds were seized via a Federal Seizure Warrant on December 14, 2001.

40.     The sellers, Dr. Lee and Maria Weiss, his wife, confirmed that Wuchevich and Young rented their residence located at 1601 S.E. 9th Street and provided money orders amounting to one year's rent.  They also advised that they received $100,000.00 check as a deposit towards the purchase of the property . They neglected to advise agents they received approximately $400,000.00 in additional cash.  When later confronted by agents about the transfer of cash, they advised through their attorney, David Bogenschutz that they received $300,300.00 in cash.  On January 25, 2002, Customs agents seized $300,300.00 in U.S. Currency which was delivered by the Weiss' to David Bogenschutz's law office in Fort Lauderdale, Florida.  It should be noted that the purchase of 1601 S.E. 9th Street by Young and Wuchevich was thwarted due to their arrest.

<u>2001 S-10 Chevrolet Pickup Truck and $86,000 in U.S. Currency</u>
(deft. properties no. 11 &14)

41.      During the post arrest debriefings of Young and Wuchevich, both stated Young

provided his ex-sister-in-law (identified as Barbara Mudrie) $ 100,000.00 in cash purportedly to be

used as a college fund for Mudrie's children.  Young and Wuchevich also stated Young provided

cash to Mudrie in order for Mudrie to purchase a pick-up truck.

42.      Customs Agents later contacted Mudrie at her residence  and interviewed her

reference her financial relationship with Young.  She initially denied receiving  the $100,000.00

from Young.   Mudrie later acknowledged receiving monies from Young to purchase a S-10

Chevrolet Pickup Truck.  At a later date, Mudrie admitted to receiving $100,000.00 in cash from

Robert Young.  Mudrie made arrangements for the cash remaining, approximately  $86,000 to be

delivered to her attorney, James Benjamin, in  Ft. Lauderdale, Florida.

<u>$ 1,811.16 in funds at PNC Bank, New Jersey</u>
(deft. property no. 12)

45.      Records reflect Sara Wuchevich opened this account in July of 2001. The funds were

seized as narcotics proceeds  via Federal Seizure Warrant on December 18, 2001.

<u>$ 3,033.00 held at Fidelity Investment Brokerage Services Account # X22-165115</u>
(deft. property no. 13)

46.      The account in the name of Sara Wuchevich  was used to issue a check for

$100,000.00 towards the purchase of a residence owned by Dr. Lee and Maria Weiss.  Several

deposits were made to the account by Wuchevich since June of 1999.  The current balance is

$3,033.00.

47.     The defendant properties are forfeitable pursuant to either Title 21 U.S.C.

§§881(a)(4) and/or (6), as conveyances (defendant properties no. seven, eight nine and ten) ,

including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any

manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled

substances, AND/OR as moneys, negotiable instruments, securities, or other things of value

furnished or intended to be furnished by any person in exchange for controlled substance or listed

chemical in violation 21 U.S.C. §801 et seq., and all proceeds traceable to such an exchange, and

all moneys, negotiable instruments, and securities used or intended to be used to facilitate any

violation of 21 U.S.C. §801 et seq.

WHEREFORE, the United States of America request that process in due of law according

to the procedures of the Court in cases of actions in rem in accordance with provisions of Rule C (3),

Supplemental Rules of Certain Admiralty and maritime Claims issue against the defendant currency,

and that any person or persons having any interest therein be cited and directed to appear herein and

answer this complaint, and that this Court decree the condemnation and forfeiture of the defendant

currency to the United States and that plaintiff have such other and further relief as may be just and

proper.

Respectively submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY:     _____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7314 ext. 3614
Fax: (954) 356-7180
Fla Bar No. A550007

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, I  Todd D. Petri, Special

Agent for the United States Customs Service, have read to foregoing Complaint for Forfeiture <u>In</u>

<u>Rem</u> and state that the contents are true to be best of my knowledge and belief.


TODD D. PETRI
SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that, I Todd D. Petri, Special

Agent for the United States Customs Service, have read to foregoing Complaint for Forfeiture In

Rem and state that the contents are true to be best of my knowledge and belief.

TODD D. PETRI
SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**02 - 60229**

UNITED STATES OF AMERICA

**CIV - ROETTGER**

**DEFENDANTS**

FIFTEEN (15) DEFENDANT PROPERTIES DESCRIBED AS:
(1) Seventy One Thousand, Six Hundred Twenty Seven Dollars ($71,627.00) in United

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

O! 02 CV 60229 Nick Seltzer

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William H. Beckerleg, Jr.
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
(954) 356-7314

ATTORNEYS (IF KNOWN)

**MAGISTRATE JUDGE**
**SELTZER**

FILED BY: 2002 FEB 15 D.C. CLERK

(d) CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE,   HIGHLANDS

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☐ 3  Federal Question
        (U.S. Government Not a Party)

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES     (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
        Proceeding

☐ 2 Removed from
        State Court

☐ 3 Remanded from
        Appellate Court

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        another district
        (specify)

☐ 6 Multidistrict
        Litigation

☐ 7 Appeal to District
        Judge from
        Magistrate
        Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | A OR B |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 730 Labor/Mgmt. Report-ing & Disclosure Act | | |
| | | ☐ 740 Railway Labor Act | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | |

## VI. CAUSE OF ACTION     (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Title 21 U.S.C. §881(a)(6)  Proceeds

LENGTH OF TRIAL
via _____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY     (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
2-14-2

SIGNATURE OF ATTORNEY OF RECORD
William H. Beckerleg, Jr.

FOR OFFICE USE ONLY

RECEIPT # _Gov4_     AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.